IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Jack Wallace, | ) |
| | ) Civil Action No. 6:10-1668-CMC-KFM |
| Plaintiff, | ) |
| | ) |
| vs. | ) **REPORT OF MAGISTRATE JUDGE** |
| | ) |
| Raheem Hamett, Officer; | ) |
| C. Kelly, Shift Supervisor, | ) |
| | ) |
| Defendants. | ) |

The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

On October 26, 2010, an envelope which had been mailed to the plaintiff[1] by the Clerk of Court was returned to the Clerk marked "Return to sender, refused, unable to forward." On October 27, 2010, the defendants filed a motion to dismiss for lack of prosecution, stating that they had also had mail returned from the institution marked "return to sender." On October 28, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary dismissal procedure and the possible consequences if he failed to respond adequately. On November 5, 2010, the envelope containing the *Roseboro* order was returned to the Clerk marked "Return to sender, refused, unable to forward."

By order of this court filed July 13, 2010 (doc. 8), the plaintiff was notified of his responsibility to keep the Clerk advised in writing of any address changes. The plaintiff has failed to do so, and in fact has had no contact with the Court since September 9, 2010 (doc. 20).

---

[1] The envelope was mailed to the plaintiff at his address of record, Sumter-Lee Regional Detention Center, 1250 Winkles Road, Sumter, SC 29153.

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989), *cert. denied,* 493 U.S. 1084 (1990). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

> (1) the degree personal responsibility on the part of the plaintiff;
>
> (2) the amount of prejudice to the defendant caused by the delay;
>
> (3) the history of the plaintiff in proceeding in a dilatory manner; and,
>
> (4) the existence of less drastic sanctions other than dismissal.

*Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978).

In the present case, the plaintiff is proceeding *pro se*, and he is thus entirely responsible for his actions. It is solely through the plaintiff's neglect, and not that of an attorney, that he has failed to keep the court apprised of his current address. Meanwhile, the defendants are left to wonder when the action against them will be resolved. Accordingly, the undersigned concludes the plaintiff has abandoned his lawsuit. No other reasonable sanctions are available.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that the defendant's motion to dismiss for lack of prosecution be granted and this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).[2]

November 19, 2010                                        s/Kevin F. McDonald
Greenville, South Carolina                       United States Magistrate Judge

---

[2] On November 18, 2010, the defendants filed a motion to extend time to file dispositive motions (doc. 31). This motion will be held in abeyance pending the district court's disposition of the motion to dismiss. Should the district judge adopt this court's recommendation, this motion will be rendered moot.